UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

VU LOC NGUYEN,

                    Petitioner,

        v.

LAURA HERMOSILLO, *et al.*,

                    Respondents.

CASE NO. 2:26-cv-00335-GJL

ORDER DENYING EMERGENCY
MOTION IN PART, REOPENING
CASE, AND DIRECTING LIMITED
RESPONSE

Petitioner Vu Loc Nguyen, a native and citizen of Vietnam, initiated this habeas corpus action under 28 U.S.C. § 2241, seeking release from immigration detention and injunctive relief limiting Respondents' ability to remove him to a country other than Vietnam (*i.e.*, "third-country removal"). Dkt. 1. On February 26, 2026, the Court granted the Petition in part, ordering Petitioner's immediate release and entering permanent injunctive relief limiting Respondents' ability to effect third-country removal. Dkt. 9 (Order); Dkt. 10 (Judgment). Petitioner now seeks to reopen these proceedings and requests, among other things, enforcement of the Court's Order and Judgment entered on February 26, 2026. Dkt. 15.

ORDER DENYING EMERGENCY MOTION IN
PART, REOPENING CASE, AND DIRECTING
LIMITED RESPONSE - 1

As set forth below, this action is **REOPENED** for the limited purpose of addressing Petitioner's Motion. Petitioner's Motion (Dkt. 15) is **DENIED IN PART** to the extent he seeks relief not related to an order of this Court. Respondents are **DIRECTED** to file a response to the remaining portions of Petitioner's Motion in accordance with the limitations outlined below.

## I.        DISCUSSION

District courts retain jurisdiction to enforce their judgments. *Peacock v. Thomas*, 516 U.S. 349, 356, 116 S. Ct. 862, 868, 133 L. Ed. 2d 817 (1996) ("Without jurisdiction to enforce a judgment entered by a federal court, the judicial power would be incomplete and entirely inadequate to the purposes for which it was conferred by the Constitution.") (cleaned up). The Court's enforcement power is not limited to violations occurring within its territorial district. *Waffenschmidt v. MacKay*, 763 F.2d 711, 716 (5th Cir. 1985) ("The mandate of an injunction issued by a federal district court runs nationwide and violation of an injunctive order is cognizable in the court which issued the injunction regardless of where the violation occurred.") (cleaned up).

While Petitioner styles his Motion as one for enforcement of this Court's Order and Judgment, portions of his Motion also concern matters beyond the scope of that Order and Judgment. In particular, Petitioner requests relief related to a recent re-detention by Respondents, which allegedly occurred in Michigan on August 28, 2026. Dkt. 15.

Although the Court directed Respondents to release Petitioner from immigration detention, the Court did not impose any limitations on Respondents' authority to re-detain him.

//

//

ORDER DENYING EMERGENCY MOTION IN
PART, REOPENING CASE, AND DIRECTING
LIMITED RESPONSE - 2

The permanent injunction entered in this action addresses only the manner and conditions under which Respondents may remove Petitioner to a country other than Vietnam.[1]

Accordingly, any challenge to Petitioner's re-detention does not arise from enforcement of an order of this Court and must be pursued through a separate habeas petition in the jurisdiction of confinement. The portions of Petitioner's Motion relating to his re-detention are therefore **DENIED** without requiring a response from Respondents. However, to the extent Petitioner alleges that his re-detention evidences an intent by Respondents to remove him to a country other than Vietnam without complying with the permanent injunction entered in this action, the Court finds that a response is required before ruling on Petitioner's request for a temporary restraining order on that basis.

## II.    CONCLUSION

For the above reasons, the Court **ORDERS** as follows:

1.    The case is **REOPENED** for the limited purpose of addressing Petitioner's Emergency Motion to Reopen for Limited Purpose of Enforcement, for Temporary Restraining Order, Immediate Release, and Order to Show Cause Regarding Contempt;

2.    Petitioner's Motion (Dkt. 15) is **DENIED** in part, without response, to the extent it challenges Petitioner's re-detention and seeks other relief not related to an order of this Court;

3.    Respondents **SHALL** file a response to the Motion limited solely to Petitioner's allegations that Respondents seek to remove him to a country other than Vietnam in violation of the permanent injunction entered in this case. Respondents **SHALL NOT** address any other portion of the Motion;

---

[1] The exact directives of this Court are as follows:

(4) Respondents **SHALL NOT** remove Petitioner to a country other than Vietnam without first providing him written notice and a meaningful opportunity to respond in a reopened removal proceeding before an immigration judge; and

(5) Respondents **SHALL NOT** remove Petitioner to any third country where he is likely to face imprisonment or harm.

Dkt. 9 at 15; Dkt. 10.

ORDER DENYING EMERGENCY MOTION IN
PART, REOPENING CASE, AND DIRECTING
LIMITED RESPONSE - 3

4.   Petitioner's counsel **SHALL** immediately serve process and a copy of this Order on Respondents. Petitioner's counsel **SHALL** immediately contact Respondents' counsel to provide a copy of this Order and meet and confer on (1) a briefing schedule for the Motion and (2) whether Respondents will agree to a stipulated order to not remove Petitioner from the United States during the pendency of this action;

5.   If the Parties can agree on a briefing schedule, they **SHALL** file a stipulated proposed briefing schedule with the Court, along with any other stipulations the Parties may agree on for the pendency of this case. If the Parties cannot reach agreement on a briefing schedule, then Respondents **SHALL** respond to the Motion according to the schedule set by Local Civil Rule 65 once service is accomplished; and

6.   The Parties **SHALL** contact the courtroom deputy by email if they wish to schedule oral argument on the Motion.

Dated this 30th day of April, 2026.

Grady J. Leupold
United States Magistrate Judge

ORDER DENYING EMERGENCY MOTION IN
PART, REOPENING CASE, AND DIRECTING
LIMITED RESPONSE - 4