UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

VU LOC NGUYEN,

　　　　　　　　　Petitioner,

　　　v.

LAURA HERMOSILLO, *et al.*,

　　　　　　　　　Respondents.

CASE NO. 2:26-cv-00335-GJL

ORDER DENYING MOTION AND
CLOSING CASE

Currently pending in this action is Petitioner's Motion for Temporary Restraining Order ("TRO"), in which he alleges that Respondents are likely to remove him to a country other than Vietnam ("third country") in violation of the permanent injunction entered in this case. Dkt. 15. The Court directed Respondents to file a limited response addressing that allegation and to provide a supplemental filing. Dkt. 19, 22. Respondent filed a timely response and supporting evidence. Dkt. 20; Dkts. 21, 24, 24-1.

Having reviewed the parties' submissions, the Court concludes that Petitioner has not demonstrated a likelihood of success on his claims that Respondents have violated or will soon violate a definite and specific order of this Court. Accordingly, the TRO Motion (Dkt. 15) is **DENIED** and this action is **CLOSED**.

ORDER DENYING MOTION AND CLOSING
CASE - 1

## I.      BACKGROUND

Petitioner Vu Loc Nguyen, a native and citizen of Vietnam, initiated this habeas corpus proceeding under 28 U.S.C. § 2241 in January 2026, seeking release from immigration detention and injunctive relief limiting Respondents' ability to remove him to a third country. Dkt. 1.

On February 26, 2026, the Court granted the Petition in part, ordering Petitioner's immediate release and entering permanent injunctive relief. Dkt. 9. The Court ordered, in relevant part, that Respondents shall not remove Petitioner to a third country without providing notice and a meaningful opportunity to respond and reopen proceedings before an immigration judge and shall not remove Petitioner to any third country where he is likely to face imprisonment or harm. *Id.* at 15.

On April 30, 2026, Petitioner filed the instant Motion, alleging that Respondents were likely to remove him to a third country without complying with the Court's permanent injunction. Dkt. 15. In support, Petitioner submitted a declaration from counsel stating that counsel had not received a copy of any travel document authorizing Petitioner's removal. Dkt. 16. The Court reopened the case for the limited purpose of considering Petitioner's Motion and directed Respondents to file a response addressing his allegations regarding potential third-country removal. Dkt. 19.

On May 1, 2026, Respondents filed a timely response stating that Petitioner is not scheduled for removal to a third country and is instead scheduled for removal to Vietnam on May 5, 2026. Dkt. 20. Respondents further submitted a declaration stating that a travel document for Vietnam had been issued. Dkt. 21. Respondents did not submit copies of the travel document at that time. *Id.*

ORDER DENYING MOTION AND CLOSING
CASE - 2

The Court subsequently directed Respondents to file a copy of the referenced travel document. Dkt. 22. Respondents have now filed that travel document, which reflects authorization for Petitioner's removal to Vietnam. Dkt. 24-1 (issued March 25, 2026).

## II.    LEGAL STANDARD

TROs are governed by the same standard applicable to preliminary injunctions. *See New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2 (1977). The purpose of preliminary injunctive relief is to preserve the status quo or prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). Preliminary relief is "an extraordinary remedy that may only be awarded upon a clear showing that the [petitioner] is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008); *see also Rizzo v. Goode*, 423 U.S. 362, 378 (1976) (stating that preliminary injunctions are to be used sparingly).

Generally, a petitioner seeking a preliminary injunction "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20. The first factor is "the most important," and failure to show likelihood of success on the merits is dispositive without consideration of the remaining factors. *Garcia v. Google, Inc.,* 786 F.3d 733, 740 (9th Cir. 2015).

## III.    DISCUSSION

A party seeking a TRO must establish he is likely to succeed on the merits as a threshold requirement. *Garcia*, 786 F.3d at 740. Here, Petitioner seeks an order prohibiting his removal to a third country in violation of the Court's permanent injunction. However, Petitioner has not demonstrated that he is likely to succeed on the merits of his claim.

ORDER DENYING MOTION AND CLOSING
CASE - 3

The record reflects that Respondents have consistently represented that Petitioner is scheduled for removal to Vietnam—not a third country. Dkt. 5 at 2; Dkt. 20; Dkt. 21. Critically, Respondents have now filed the travel document itself, which confirms that Petitioner's removal is authorized to Vietnam. Dkt. 24-1. Petitioner's evidence consists primarily of counsel's declaration stating that counsel had not received a copy of a travel document. Dkt. 16. That showing is insufficient to demonstrate a likelihood that Respondents intend to remove Petitioner to a third country, particularly in light of the now-filed travel document confirming removal authority to Vietnam. *See* Dkt. 24-1.

On this record, Petitioner has not established that Respondents are likely to remove him to a country other than Vietnam, let alone that they would do so in violation of the Court's permanent injunction. Accordingly, Petitioner has failed to demonstrate a likelihood of success on the merits. As likelihood of success is a threshold requirement, the Court need not address the remaining factors for preliminary relief.

## IV.   CONCLUSION

For the foregoing reasons, Petitioner's TRO Motion (Dkt. 15) is **DENIED**. The Clerk is **DIRECTED** to **CLOSE** this case.

Dated this 4th day of May, 2026.

Grady J. Leupold
United States Magistrate Judge

ORDER DENYING MOTION AND CLOSING
CASE - 4