UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| VU LOC NGUYEN,<br>Petitioner,<br>v.<br>LAURA HERMOSILLO, *et al.*,<br>Respondents. | CASE NO. 2:26-cv-00335-GJL<br><br>ORDER GRANTING MOTION FOR ATTORNEY FEES IN PART |

The Court previously granted Petitioner Vu Loc Nguyen's Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See* Dkts. 9, 10.[1] Before the Court is Petitioner's post-judgment Motion for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Dkt. 26. Petitioner seeks enhanced rate above the EAJA's maximum statutory rate for the attorneys who worked on his case. *See id*. Conceding that Petitioner is the prevailing party, Respondents argue that no fees should be awarded because the Government's legal position was substantially justified and further argue that any fee award should be limited to the statutory rate. Dkt. 27.

[1] The Parties have consented to proceed in this matter before a United States Magistrate Judge. Dkt. 4.

Upon review of the Parties' briefing, the relevant record, and applicable law, the Court finds that Respondents' legal position was not substantially justified and that, rather than the enhanced fee award requested, an award of fees is warranted at the statutory rate. Accordingly, the Court **GRANTS** the Motion (Dkt. 26) **IN PART** and **AWARDS** fees in the amount of **$7,831.34**.

## I. BACKGROUND

On January 20, 2026, Petitioner filed a Petition for writ of habeas corpus seeking immediate release from immigration detention and injunctive relief limiting Respondents' ability to remove him to a country other than Vietnam (*i.e.*, third-country removal). Dkt. 1. On February 26, 2026, the Court granted the Petition in part, finding that Petitioner's detention pending removal was of indefinite duration and that his continued detention under 8 U.S.C. § 1231(a)(6) was no longer authorized by the Immigration and Nationality Act as construed in *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Dkt. 9 at 5–9. In reaching this conclusion, the Court rejected both arguments advanced by Respondents, finding neither supported by the evidentiary record. *Id.* The Court accordingly ordered Petitioner's immediate release and declined to reach his alternative prolonged detention claim. *Id.* at 9–10. The Court further granted Petitioner's requests for prospective injunctive relief concerning potential third-country removal. *Id.* at 10–15.

On May 26, 2026, Petitioner filed the instant Motion for attorney's fees pursuant to the EAJA. Dkt. 26. Petitioner seeks compensation for 30.3 hours of work performed by Attorney Robert Pauw at an enhanced market rate. Dkt. 26-2 *as updated by* Dkt. 28-2. Applying the requested enhanced rate of $950 per hour, Petitioner seeks a total award of $28,785. Dkt. 28 at 6. Respondents timely filed a Response opposing the Motion, Dkt. 27, and Petitioner thereafter filed a Reply. Dkt. 28. Therefore, the motion is fully briefed and ripe for consideration.

## II. LEGAL STANDARD

"The EAJA provides . . . that in an action brought by or against the United States, a court must award fees and expenses to a prevailing non-government party 'unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.'" *Medina Tovar v. Zuchowski*, 41 F.4th 1085, 1089 (9th Cir. 2022) (quoting 28 U.S.C. § 2412(d)(1)(A)). "For the court to award attorney's fees and costs pursuant to the EAJA, it must be shown that (1) the plaintiff is the prevailing party; (2) the government has not met its burden of showing that its positions were substantially justified or that special circumstances make an award unjust; and (3) the requested attorney's fees and costs are reasonable." *Perez-Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002).

"It is the government's burden to show that its position was substantially justified." *Medina Tovar*, 41 F.4th at 1089. Substantially justified means "justified to a degree that could satisfy a reasonable person." *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). "Put differently, the government's position must have a 'reasonable basis both in law and fact.'" *Id.* (quoting *Pierce*, 487 U.S. at 565). The Court examines "both the government's litigation position and the underlying agency action giving rise to the civil action." *Id.* Whether the government's position was substantially justified is a matter of discretion for the district court. *Id.* at 869.

## III. DISCUSSION

It is undisputed that Petitioner is the prevailing party in this action, and the Court finds that he is. 28 U.S.C. § 2412(d)(1)(A). Petitioner requests an award of enhanced fees at market rates for work performed by Attorney Pauw in this litigation. Dkt. 26. Respondents oppose an award of fees, arguing first their litigation position was substantially justified. Dkt. 27 at 2–3.

Respondents further argue that Petitioner has not established that enhanced fees are warranted and that, even if enhanced fees are appropriate, Petitioner has not justified the market rates requested. *Id.* at 4–6.

Upon review, the Court finds that Respondents' litigation position was not substantially justified and that an award of fees under the EAJA is warranted. However, Petitioner has not established entitlement to enhanced fees. Accordingly, the Court awards attorney's fees at the EAJA statutory rate based on the reasonable hours requested by Petitioner.

**A. Respondents' Legal Position was not Substantially Justified**

Respondents contend that their legal position was substantially justified. Dkt. 27 at 2–3. It was not. In opposing the Petition, Respondents argued that Petitioner's removal was significantly likely to occur in the reasonably foreseeable future and that Petitioner had delayed his removal through his own conduct. Dkt. 5. In granting the Petition, the Court rejected both arguments as unsupported by the evidentiary record, finding that Respondents had "not supplied the Court with evidence demonstrating how and to what extent Petitioner's alleged lack of cooperation has impeded his removal to Vietnam," Dkt. 9 at 8, and that they "offer[ed] no individualized evidence" establishing that Petitioner's removal was likely within a reasonable period of time. *Id*. at 9. Respondents' reliance on arguments unsupported by evidence was not substantially justified. *See, e.g., S.F. v. Bostock*, No. 3:25-CV-01084-MTK, 2026 WL 1230044, at *4 (D. Or. May 5, 2026) (finding similar litigation position not substantially justified, noting the government failed to show "it was reasonable to detain Petitioner, potentially indefinitely, based on mere speculation that it could obtain a travel document to remove him").

Because Respondents' litigation position was not substantially justified and because no special circumstances make the award of fees unjust,[2] the Court finds that an award of fees under the EAJA is warranted. Thus, the Court will now consider whether the fees requested by Petitioner, including enhanced fees, are reasonable.

**B. Petitioner is not Entitled to an Enhanced Fee Award**

The EAJA caps attorney's fees at $125 per hour, adjusted for inflation "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Courts may award enhanced hourly rates under the EAJA where "the attorneys possess 'distinctive knowledge' and 'specialized skill' that was 'needful to the litigation in question' and 'not available elsewhere at the statutory rate.'" *Nadarajah v. Holder*, 569 F.3d 906, 912 (9th Cir. 2009) (citations omitted).

The Ninth Circuit has held that immigration law expertise, on its own, does not justify an award of enhanced hourly rates "without a showing that the attorney[ ] possess[es] distinctive knowledge or specialized skill necessary to [the] litigation[.]" *Id.* at 913 (citing *Thangaraja v. Gonzales*, 428 F.3d 870, 876 (9th Cir. 2005) (citation omitted) ("'We decline to adopt counsel's proposed *per se* rule that "the practice of immigration law should be classified as a specialty similar to practicing patent law."'")). "However, enhanced rates have been awarded in immigration cases where counsel established that 'knowledge of foreign cultures or of particular esoteric nooks and crannies of immigration law…[was] needed to give the [noncitizen] a fair

[2] "The burden of proving the special circumstances…exception to the mandatory award of fees under the EAJA rests with the government," *Love v. Reilly*, 924 F.2d 1492, 1495 (9th Cir. 1991), and Respondents do not contend that special circumstances exist in this case. *See* Dkt. 27.

shot at prevailing.'" *Cath. Soc. Servs., Inc. v. Napolitano*, 837 F. Supp. 2d 1059, 1073 (E.D. Cal. 2011) (quoting *Thangaraja*, 428 F.3d at 876).

The requesting party bears the burden of establishing these requirements. *Anh Tuyet Thai v. Saul*, Case No. 18-cv-2647-JAH-RBM, 2020 WL 4697971, at *2 (S.D. Cal. Aug. 13, 2020) (citing *Jawad v. Barnhart*, 370 F. Supp. 2d 1077, 1089 (S.D. Cal. 2005)).

Here, Petitioner requests an enhanced fee award at market rates for Attorney Pauw and, while Petitioner demonstrates that Attorney Pauw possesses distinctive knowledge and specialized skills as an immigration attorney, Petitioner does not demonstrate that Attorney Pauw's knowledge and skill was necessary to obtain a favorable outcome in the *instant* litigation.

Petitioner submits Declarations from other attorneys attesting to Attorney Pauw's knowledge and skill as an immigration attorney and their familiarity with these immigration habeas proceedings. Dkts. 26-3, 26-4. And, while both Declarants endorse Attorney Pauw's view that his distinctive knowledge and skill were required in this case, their Declarations address the skills and knowledge necessary to challenge the lawfulness of immigration detention only in generalized terms. Specifically, the Declarants explain that many immigration attorneys are unfamiliar with the statutes governing immigration detention and are unwilling to represent detained noncitizens in habeas proceedings. Dkt. 26-3 at 5 (Adams Declaration); Dkt. 26-4 at 2 (Soreff Declaration). These general representations about challenges to immigration detention do not establish that the particular legal issues presented here required distinctive knowledge or specialized skills.

To conclude otherwise on the evidence presented would effectively permit enhanced fees in nearly any successful challenge to immigration detention in federal habeas proceedings, contrary to the Ninth Circuit's rejection of a *per se* enhancement for immigration law expertise.

*See, e.g.*, *Douangdala v. Bondi*, No. 2:26-CV-00963-DGE, 2026 WL 2516555, at *3 (W.D. Wash. Aug. 26, 2026) (denying request for enhanced fees under the EAJA on similar grounds). Accordingly, the Court finds that Petitioner has not met his burden of establishing that enhanced fees are warranted in this case and instead awards fees at the EAJA statutory rate.

**C. Amount and Reasonableness of Fees at the Statutory Rate**

Finally, having concluded that an award of fees under the EAJA is warranted at the statutory rate, the Court now considers the reasonableness of the hours requested and whether the request is adequately supported. In support of his request for fees, Petitioner submits a sworn Declaration from Attorney Pauw and supporting table reflecting billable time by activity:

| DATE | ATTY | WORK PERFORMED | HOURS |
|---|---|---|---|
| 1/16/2026 | RP | Tel conf w/ client's sister re background information | 0.5 |
| 1/19/2026 | RP | Conf call w/ client's sister re preparation of habeas petition | 0.8 |
| 1/20/2026 | RP | Prepare draft of habeas petition | 0.6 |
| 1/25/2026 | RP | Research re detention under 1225(b) and 1231(a)(6); prepare habeas petition | 4.5 |
| 1/28/2026 | RP | Prepare and file habeas petition | 1.0 |
| 2/12/2026 | RP | Review Government's Return and exhibits; email w/ Hom re same | 0.9 |
| 2/14/2026 | RP | Review Government's Return and cases cited; prepare outline for Traverse | 1.8 |
| 2/15/2026 | RP | Prepare Traverse | 3.6 |
| 2/16/2026 | RRP | Legal research re proving likelihood of removal; prepare Traverse; tel c/w P.Nguyen re same | 4.6 |
| 2/17/2026 | RP | Research re Zadvydas case law; prepare and file Traverse and Exhibits | 3.4 |
| 5/19/2026 | RP | Prepare Motion for EAJA Fees and supporting exhibits | 1.3 |
| 5/20/2026 | RP | Prepare Motion for EAJA Fees | 1.7 |
| 5/26/2026 | RP | Prepare and file Motion for EAJA Fees | .9 |
| | | TOTAL HOURS | 25.6 |

Dkt 26-2; *see* Dkt. 26-1 (Pauw Declaration). Petitioner also submits supplemental evidence demonstrating that an additional 4.7 hours were performed by Attorney Pauw in litigating the instant Motion. Dkts. 28-1, 28-2. Respondents do not challenge the amount or reasonableness of hours performed by Attorney Pauw in this case. *See* Dkt. 27.

Upon review, Petitioner's submissions concerning Attorney Pauw's litigation activity for this case are "sufficiently detailed to allow a meaningful review of the reasonableness of the

requested hours." *De Jesus Ortega Melendres v. Arpaio*, No. 13-16285, 2017 WL 10808812, at *7 (9th Cir. Mar. 2, 2017). Further, the hours expended by Attorney Paw are reasonable and adequately supported. As noted above, the Court finds that Attorney Pauw should be compensated at the statutory rate, which is $258.46 per hour. *See* United States Courts for the Ninth Circuit, *Statutory Maximum Rates Under the Equal Access to Justice Act*, https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last updated November 17, 2026, and last visited November 18, 2026). As such, the appropriate fee award for 30.3 hours performed is under the EAJA is $7,831.34.

## IV. CONCLUSION

For the above stated reasons, the Motion for Attorney's Fees (Dkt. 26) is **GRANTED IN PART**. Petitioner Vu Loc Nguyen is **AWARDED** fees under the EAJA in the amount of **$7,831.34**.

Dated this 19th day of November, 2026.

Grady J. Leupold
United States Magistrate Judge